**Roscoe STANLEY, Jr., Plaintiff,**

v.

**R. S. EVANS MOTORS OF JACKSONVILLE, INC., a Florida Corporation, Defendant.**

**Civ. A. No. 74-200-Civ-J-T.**

United States District Court,
M. D. Florida,
Jacksonville Division.

May 7, 1975.

---

Alan A. Alop, Duval County Legal Aid Assn., Jacksonville, Fla., for plaintiff.

Martin Sack, Jr., Jacksonville, Fla., for defendant.

## OPINION AND ORDER

IRVING BEN COOPER, District Judge, Sitting by Designation.

This action is brought under the Consumer Credit Protection Act (usually referred to as the Truth in Lending Act, and hereafter as "TIL"), 15 U.S.C. § 1605(b), and the regulations promulgated thereunder. The essential question before us is whether TIL disclosure requirements were complied with by defendant during the purchase of a used car from defendant by plaintiff. Specifically, plaintiff argues that although he did not want credit life and disability insurance, he had no meaningful alternative to the purchase of such insurance, and, further, that credit life and disability insurance coverage were improperly tied to automobile physical damage insurance coverage. For the reasons set forth below, we hold that this transaction did not violate the TIL provisions.

The facts of the case were presented at a trial to the Court. On July 12, 1973, plaintiff went to defendant's place of business to buy a used car. (Tr. 13) [1] He found one that was satisfactory and, along with his wife, signed a document titled "Official Order" (Plaintiff's Ex. 2; hereafter "Order"). This was a credit transaction. The Order indicates the total down payment was $423.75 leaving an unpaid balance (cash price) of $1900.00, automobile insurance $410.-00, credit life insurance $59.32, accident and health insurance $107.57, official

fees $4.80; the Order also includes the total unpaid balance (amount financed) at $2481.69 and a finance charge of $682.11. The Order does not, however, contain any notice that the credit life insurance is not required.

After the Order was signed, it was sent to defendant's bookkeeper for typing of the Conditional Sales Contract (Plaintiff's Ex. 3; hereafter "Contract") upon the basis of which credit approval was sought from Atlantic Discount Company, the finance company supporting the transaction. (Tr. 33–34) Atlantic initially rejected the credit application, then approved it the next morning, July 13, 1973, on condition that plaintiff's mother co-sign. The Contract was signed that same day at about 4:30 p. m. by plaintiff, his wife and his mother as co-signer (Tr. 36–37); he took delivery of the car around 6:00 p. m. (Tr. 41–42)

Separately listed under Item 9 of the Contract are the same three types of insurance coverage listed in the Order: physical damage, credit life, and accident and health, with the same dollar charges listed for each. On the right-hand side of the Contract is a listing of those insurance coverages, preceded by a box in which a check mark has been inserted as to each. Directly below that is the following notice:

NOTICE TO BUYER—(A) You are not required to obtain the Credit Life and/or Accident and Health Insurance for which a charge is indicated hereon and such is not a factor in the Seller's approval of this credit. (B) You have the right to choose the person through whom the Automobile Physical Damage Insurance required under this contract is to be obtained. ACKNOWLEDGING the foregoing, BUYER requests and authorizes SELLER to obtain each insurance coverage for which an amount is indicated hereon. (Capitals in original)

The notice is dated "7/13/73" and was acknowledged by plaintiff's signature.

---

1. The notation "Tr." followed by a number refers to the official minutes of the trial.

In examining this transaction emphasis must be placed not on the Order of July 12, 1973 but on the Contract of July 13. The purchase of the car was not consummated until the Contract was signed by all the necessary parties; it was not until then that plaintiff took delivery of the car. Certainly signing the Order did not complete the transaction, for it was thereafter that plaintiff learned his credit application had been rejected.

The Contract concededly does not include the insurance premium charges in the finance charge, but lists them separately; it is also conceded that the Contract specifically informs plaintiff that he is not required to purchase such insurance. (Plaintiff's Supp. Memo. at 1) Plaintiff, however, argues that under these facts he had no meaningful alternative to purchasing such insurance, that the purchase was, in effect, required, and that liability should therefore attach under the TIL Act.

Under law we are constrained to, and do, reject this argument. Regulation Z, 12 C.F.R. § 226.4(a), provides that the finance charge must include any charges for credit life, accident, health, or loss of income insurance, unless (1) this coverage is not required by the creditor and so announced clearly and conspicuously in writing, and (2) any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance. Failure to comply with Regulation Z violates the TIL Act. See Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740 (5th Cir. 1973).

Here, however, all the legal requirements of TIL disclosure were met by defendant. Defendant's president testified that neither it nor Atlantic Discount at any time required credit life insurance as a condition to the sale of an automobile on credit, and that neither required such insurance of this particular plaintiff. (Tr. 37) The Contract contains the NOTICE TO BUYER and lists every disclosure required by law, the acknowledgement of which is dated and signed separately by plaintiff. Although plaintiff may not have fully understood the terms of the Contract, this cannot be attributed to defendant's failure to comply. Plaintiff has charged defendant with violating the requirements of a statute and regulation; there is, however, nothing that the law requires which defendant did not do. Under these circumstances, liability does not attach.

Plaintiff argues further that the TIL disclosures on insurance are inadequate because the credit life and disability insurance coverage are improperly tied to automobile physical damage insurance coverage. Citing Hall v. Sheraton Galleries of Atlanta, 4 CCH Cons.Credit Guide ¶ 98,737 (N.D.Ga.1974), plaintiff claims that defendant failed to provide a meaningful mechanism whereby plaintiff could elect to purchase one form of insurance while rejecting the other.

*Hall*, however, is not applicable to our facts; there the contract forced customers to elect either life and property insurance or neither life nor property insurance. Here, as mentioned, in the NOTICE TO BUYER, the Contract contains the following: "BUYER requests and authorizes the SELLER to obtain *each insurance coverage for which an amount is indicated* hereon." (Emphasis added) Thus the buyer is given the opportunity to select or reject one or more or all coverages desired; any coverage may be declined by merely excluding or deleting the same from the Contract. This Contract does provide a meaningful choice as to insurance coverage and does not violate the law.

Under the facts and circumstances present here, we find in favor of defendant R. S. Evans Motors of Jacksonville, Inc., and judgment for defendant shall be entered accordingly. This opinion constitutes our findings of fact and conclusions of law as required by Fed.R. Civ.P. 52.

So ordered.